UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADEL MIKHAEIL, *pro se*, | Civil Action Number: |
| Plaintiff, | 2:10-cv-03876 |
| v. | OPINION |
| ANGEL SANTOS, *et al.*, | HON. WILLIAM J. MARTINI |
| Defendants. | |

MEMORANDUM OPINION

I.   INTRODUCTION

Plaintiff Adel Mikhaeil alleges that Defendant Angel Santos provided police and prosecutors with false information in consequence of which Mikhaeil was arrested and incarcerated. He further alleges that various state police and prosecutor defendants knew that Santos was biased against Mikhaeil but that they nevertheless pursued the prosecution absent a full investigation in order to pressure Mikhaeil to plead guilty and to give evidence in an unrelated prosecution. Mikhaeil has filed a six count complaint, and before the Court are three Rule 12 motions put forward by different sets of defendants. Plaintiff has also filed a motion to amend the complaint.

For the reasons elaborated below, the Court will **GRANT** the Newspaper Defendants' motion to dismiss; will **GRANT** the State Defendants' motion to dismiss; and will **GRANT** the Hudson County Prosecutor's Office's Motion for Judgment on the Pleadings. The Court will also **DENY** Plaintiff's motion to amend the complaint.

II.   STANDARD OF REVIEW

*Motion to Dismiss under Rule 12(b)(6)*. The Defendants' motions to dismiss are brought pursuant to Federal Rule of Civil Procedure 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff

1

has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

*Judgment on the Pleadings under Rule 12(c).* The "standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is plenary. Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In reviewing the grant of a Rule 12(c) motion, [the court] must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988).

### III.   FACTS

Plaintiff Adel Mikhaeil alleges that Defendant Angel Santos filed a complaint against Plaintiff, which provided police and prosecutors with false information in consequence of which Mikhaeil was arrested and incarcerated. Specifically, he asserts that on August 7, 2008, Santos intentionally told officers of the Jersey City Police Department, the Hudson County Prosecutor's Office, and officers of the New Jersey State Police that Mikhaeil, along with two reporters, had been present outside Santos' house and that Mikhaeil, at that time, made threats against Santos, for example, saying that Santos "was a dead rat." Mikhaeil asserts that this event never took place.

Plaintiff asserts that Jersey City Police Officers, Webb, Broady, and Felix, failed to adequately investigate the charges, in particular, they failed to interview the reporter-witnesses who could have verified that the events alleged by Santos had not occurred. Plaintiff makes a similar allegation against Detective Reinke of the Hudson County Prosecutor's Office, and against New Jersey State Police Officers, Cappiello and Hickey. Plaintiff also alleges that Deputy Attorney General Picione failed to investigate the allegations against Mikhaeil, and did so in order to put pressure on Mikhaeil to give evidence and to plead guilty in an unrelated litigation. Plaintiff asserts not merely that the police and prosecutor's investigations were inadequate, but that they knew Santos was biased against Mikhaeil. *I.e.*, Picione knew that Santos had once told Cappiello that Mikhaeil should be locked up to "put pressure on him."

Plaintiff was charged with making terroristic threats and witness tampering, and arrested the next day: August 8, 2008. He was incarcerated until September 4, 2008. The criminal proceeding ended on January 7, 2009, with an order of dismissal.

Afterwards, Plaintiff, acting pro se, filed a six count complaint in this Court. It appears that Plaintiff is asserting a Fourth Amendment violation (asserted under 42 U.S.C. § 1983) and related state causes of action, such as abuse of process. Count I asserts a claim for false arrest and imprisonment. Count II asserts a claim grounded in inadequate investigation and a failure to train. Count III is an abuse of process claim. Count IV is a claim against the Attorney General for failing to adequately train its officers and employees. Count V is a false arrest and imprisonment claim brought against the two individual newspaper defendants, a reporter and a photographer, and their employer newspaper, for refusing to speak to the police when they were in possession of allegedly vital exculpatory information which, according to Plaintiff, would have demonstrated that Santos had lied to the police. Count VI is a conspiracy claim against Defendants Picione, Cappiello, Hickey, and Reinke.

Two motions to dismiss were filed: one by certain state defendants and another on behalf of the Newspaper Defendants. After these two motions were fully briefed, the Hudson County Prosecutor's Office filed a motion for judgment on the pleadings. That motion made no arguments that had not been briefed in the prior two motions. Nevertheless, rather than responding to that motion, Plaintiff filed a motion to amend his complaint. The motion to amend has been opposed by all Defendants with a motion before the Court. The amended complaint brings an additional count, Count VII, asserting malicious prosecution.

### IV. ANALYSIS

**A.** *Newspaper Defendants*. Count V asserts, under Section 1983, a cause of action for false arrest and incarceration against the three Newspaper Defendants, *The Jersey Journal*, Michaelangelo Conte, and Reena Rose Sibayan. A precondition of Section 1983 liability is state action. Here the Newspapers Defendants are private parties. It is true that in certain situations "private parties [have] enter[ed] into symbiotic relationships with the government [such] that . . . their conduct may become so inextricably intertwined with the state action that the private conduct [can] result in § 1983 liability." *Harvey v. Plains Township Police Dep't*, 421 F.3d 185, 196 n.14 (3d Cir. 2005). Here, however, Plaintiff makes no specific factual allegations suggesting how the Newspaper Defendants' conduct was inextricably intertwined with the government. Instead, Plaintiff's allegations suggest just the opposite: Plaintiff alleges that the newspaper and its employees refused to cooperate with the government's investigation. Therefore, the Newspapers Defendants' motion will be granted, and they will be dismissed from this action.

**B.** *State Defendants*. The State Defendants include: the State of New Jersey, Attorney General Paula T. Dow, Deputy Attorney General Anthony Picione, New Jersey State Police Officers Myles Cappiello and Neil Hickey, and the New Jersey Division of State Police. All Section 1983 claims against the State, its agencies (i.e., the New Jersey Division of State Police), and its officers in their official capacity are barred by the Eleventh Amendment. U.S. CONST. amend. XI.

   1. *Section 1983 Claims*. Plaintiff's allegations against Attorney General Paula T. Dow fail to show any direct or personal involvement by her in Plaintiff's arrest and

incarceration, the purported Fourth Amendment violation. *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1998). There are no allegations against Dow suggesting she had actual knowledge of the alleged rights violation. *Id.* There are no allegations against Cappiello and Hickey suggesting that they were supervisors of those state actors who arrested and incarcerated defendant. *Id*.

Picione is immune from liability in regard to any decision to prosecute Plaintiff, and this would appear to extend to his determinations in regard to seeking bail. *Imbler v. Pachtman*, 424 U.S. 409 (1976).

In the Amended Complaint, Plaintiff alleges that Myles Cappiello, and Neil Hickey failed to "objectively and fairly investigate" Santos' allegations against Plaintiff, knew that Santos was biased against Plaintiff, and that they (Cappiello and Hickey) conspired with one another and with Picione and Reinke in order to pressure Plaintiff to give evidence and to plead guilty in an unrelated case. Plaintiff's allegations are conclusory, unsupported with specific facts, and border on the implausible. But more importantly, the Amended Complaint, in fact, alleges that the Defendants made efforts to interview the Newspaper Defendants, and it was the individual Newspaper Defendants who refused to speak to the police on this matter. Plaintiff admits that the State Defendants made efforts to discover the allegedly exculpatory evidence. The States Defendants should not face liability because the Newspaper Defendants refused to cooperate. Furthermore, in supporting the application for an arrest warrant, the State Defendants acted with probable cause – Santos' allegations, even standing alone, amount to at least that. *See Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997) (holding that probable cause exists where witness to an alleged crime makes a reliable identification), *abrogated on other grounds*; *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995) ("[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."). The fact that Santos may have been biased against Plaintiff and that the State Defendants knew that does not make Santos' report to the police unreliable. The possibility that the State Defendants were seeking to pressure Plaintiff in regard to unrelated litigation, even if proven, would not establish that the information in the State Defendants' possession, i.e., the information originating with Santos, amounts to less than probable cause. Probable cause is an objective standard; the subjective motives of the police are irrelevant. Moreover, Plaintiff does not point to any exculpatory information in the possession of the police or investigators prior to their seeking the arrest warrant.

Finally, the police are entitled to rely on the probable cause determination of the neutral magistrate who issued the arrest warrant. Police officers may not rely on a search warrant if: (1) the judge issuing the search warrant was misled by information in the affidavit that the affiant either knew was false or should have known was false but for the affiant's reckless disregard of the truth; (2) the issuing judge abandoned his neutral and detached role; (3) the affidavit lacked sufficient indicia of probable cause; and (4) the search warrant was facially deficient. *United States v. Leon*, 468 U.S. 897, 923 (1984). Although Plaintiff alleges (in a conclusory fashion) that the information in the warrant application

was insufficient to establish probable cause, Plaintiff points to no information in the warrant application that misled the magistrate, and Plaintiff points to no information in the application that was false, much less, known to be false by either the officers who applied for the warrant or by the officers who acted upon it. Nor does Plaintiff assert that any relevant information was purposely or recklessly omitted from the warrant application. In short, the State Defendants appear to have acted with probable cause or were otherwise entitled to rely on the decision of the magistrate who issued the arrest warrant. This would appear to be a full defense in regard to any Fourth Amendment claim.

In short, the federal claims against the State Defendants would appear to fail.

2. *State Law claims*. All state law claims against the State Defendants are barred by Plaintiff's failure to comply with the notice provisions of the New Jersey Tort Claims Act. *See* N.J.S.A. 59:1-1 et seq.

**C.** **Defendants Hudson County Prosecutor's Office (HCPO) and Detective Sergeant Mary Reinke**. All Section 1983 claims against HCPO and Reinke in her official capacity are barred by the Eleventh Amendment. In regard to liability against Reinke in her personal capacity, Reinke argues that the complaint fails to make any allegations of personal involvement. In response, the Amended Complaint alleges that Reinke conspired with other Defendants in order to pressure Plaintiff; that Reinke knew that Santos had a "predisposition and bias" against Plaintiff; and that Reinke knowingly "reported insufficient findings of probable cause" in support of the warrant for Plaintiff's arrest. Amend. Compl. ¶¶ 31, 51, 52, 53. Neither these factual allegations, nor the ones in the original complaint describe what action Reinke personally took which led to Plaintiff's arrest or incarceration. Nor does Plaintiff allege that Reinke was the supervisor of any person involved in the purported wrongdoing and that Reinke had actual knowledge and acquiesced in such wrongdoing. *Dellarciprete*, 845 F.2d at 1207.

Plaintiff was aware of the basic legal challenges to his complaint prior to filing his Amended Complaint. The Amended Complaint does not cure the defects illustrated by Defendants. It would appear that an opportunity to refile, yet again, would be futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

**V.   CONCLUSION**

For the reasons elaborated above, the Court: **GRANTS** the Newspaper Defendants' motion to dismiss; **GRANTS** the State Defendants' motion to dismiss; and **GRANTS** the Hudson County Prosecutor's Office's Motion for Judgment on the Pleadings. The Court also **DENIES** Plaintiff's motion to amend.

This action will move forward with regard to the federal claims against Defendants Angel Santos, and Officers Phillip P.G. Webb, Dealree Broady, Christino Felix, and the Jersey City Police Department. (Any state law claims are barred by the New Jersey Tort Claims Act.)

s/ William J. Martini

**DATE: June 13, 2011**                    **William J. Martini, U.S.D.J.**