UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ADEL MIKHAEIL,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ANGEL SANTOS,** *et al.***,**<br><br>**Defendants.** | Civ. No. 2:10-cv-03876 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Adel Mikhaeil brings this 42 U.S.C. § 1983 ("Section 1983") action against various defendants, including Desiree Broady,[1] Christino Felix, Phillip Webb, and the Jersey City Police Department (collectively, "Defendants"), for false arrest and false imprisonment. This matter comes before the Court on Defendants' motion for summary judgment under Federal Rule of Civil Procedure 56. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion for summary judgment is **GRANTED**.

**I.    BACKGROUND**

**A.  UNDISPUTED FACTS**

On August 7, 2008, Angel Santos came into the West District Precinct of the Jersey City Police Department and reported that Plaintiff Adel Mikhaeil had threatened him. Detective Broady took Santos' formal statement. According to the statement, Santos reported that he was a witness for the Attorney General's Office and the Hudson County Prosecutor's Office in an ongoing case against Mikhaeil. Santos stated that Mikhaeil and Michaelangelo Conte, a reporter for the Jersey Journal, were in a car outside of his home, and as they were driving off, Mikhaeil screamed "You rat! You're going to get your[s], You're dead you rat . . . by the end of the month it's gonna be two dead rats!" Defs.' Mot. Ex. B, ECF No. 56-2. Santos stated that Mikhaeil had "six handguns, a rifle, and a shotgun," and that Mikhaeil would "pay people to kill [him]." *Id.* Santos stated that he knew Mikhaeil and Conte because he "used to work with

---

[1] Defendant Desiree Broady is improperly listed as "Dealree Broady" in the Complaint.

1

[Mikhaeil]" and he had seen Conte "around a lot" and knew that "he work[ed] for the Jersey Journal." *Id.* Santos stated that his statement to the police was "true and voluntary" and that he was "willing to appear in court and give testimony if necessary." *Id.* Santos also signed the statement.

After taking Santos' statement, Detective Broady contacted Detective Mary Reinke of the Hudson County Prosecutor's Office. Reinke verified that Santos was, in fact, a witness for the State in an active investigation against Mikhaeil. Detective Broady notified the Night Detective Commander Sergeant Felix. Sergeant Felix reviewed and approved Santos' formal statement for completeness and to make sure the elements of the crime were satisfied. Detective Broady then contacted the Honorable Nelsa Rodriguez via telephone and received a probable cause determination to issue a warrant for Mikhaeil's arrest for terroristic threats and tampering with a witness.

The next day, August 8, 2008, Detective Phillip Webb was instructed by his supervisor to contact Conte, the reporter for the Jersey Journal, as a potential witness in the case. Detective Webb called Conte and told him that he needed to interview him regarding an investigation of Mikhaeil. Conte informed Detective Webb that he needed to consult with his supervisor, Mr. Zeitlinger. Mr. Zeitlinger came to the phone and informed Detective Webb that the lawyers of the Jersey Journal would have to be consulted regarding Detective Webb's request. Neither the Jersey Journal nor Conte ever followed up with Detective Webb. This was Detective Broady, Sergeant Felix, and Detective Webb's only involvement in the case.

Plaintiff was arrested on August 8, 2008 and charged with making terroristic threats and witness tampering. He was incarcerated until September 4, 2008, when he was released on bail. After being released, Mikhaeil spoke with Conte. Conte told Mikhaeil that, after Mikhaeil was incarcerated, Conte contacted the Jersey City Police Department and the Hudson County Prosecutor, and informed them that Mikhaeil was not in the car with Conte on August 7, 2008. The criminal proceeding against Mikhaeil ended on January 7, 2009, with an order of dismissal.

## B. PROCEDURAL HISTORY

On July 30, 2010, Plaintiff filed a Complaint *pro se* against sixteen defendants, asserting claims for false arrest and false imprisonment under Section 1983 and various state laws. Nine defendants filed motions to dismiss, and two defendants filed a motion for judgment on the pleadings. On June 13, 2011, this Court issued an opinion and order dismissing all eleven defendants from the action. The Court also dismissed all of Plaintiff's state law claims. The only claims that survived were the federal claims asserted against the five remaining defendants: Santos, Broady, Felix, Webb, and the Jersey City Police Department. On September 15, 2011, four of the five defendants (Broady, Felix, Webb, and the Jersey City Police Department) filed the instant motion for summary judgment.[2]

---

[2] After the Court issued its June 2011 opinion and order, Plaintiff retained an attorney. On

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007).

## III. DISCUSSION

Plaintiff asserts Section 1983 claims against Defendants for false arrest and false imprisonment. Specifically, Plaintiff alleges that "law enforcement officers at the Jersey City Police Department failed to adequately and fairly investigate the complaint of Angel Santos by failing to interview all necessary witnesses." Compl. ¶ 23. The Court will first address the arguments of the individual defendants (Broady, Felix, and Webb), followed by the arguments of defendant Jersey City Police Department.

### A. Defendants Broady, Felix, and Webb

Defendants Broady, Felix, and Webb argue that they are entitled to qualified immunity from Plaintiff's Section 1983 claims. It is well established that government officials are immune from liability for damages where their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Messerschmidt v. Millender*, 132 S.Ct. 1235, 1244-45 (2012). Qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2085 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). The Supreme Court set forth a two-part inquiry for resolving government officials' qualified immunity claims: a court must decide (1) whether the facts support a violation

---

October 6, 2011, Plaintiff's counsel entered a notice of appearance, and the Honorable Mark Falk granted him an extension to file the opposition to the motion for summary judgment. In November 2011, Plaintiff's counsel served a copy of the opposition brief on Defendants, but did not file the brief on the docket. Judge Falk ordered Plaintiff's counsel to register as an electronic filer so that he could file documents on the docket as required by the Court. *See* Local Civil Rule 7.1(b)(2); ECF No. 64. In the following months, the Court made repeated requests to Plaintiff's counsel to register as an electronic filer so that he could file his opposition brief. It was not until September 3, 2012, that the opposition brief was finally filed. The Court can now resolve the motion.

of a constitutional right, and (2) whether that right was "clearly established" at the time of the defendant's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Plaintiff contends that he was arrested without probable cause in violation of his Fourth Amendment right to be free from unreasonable seizure. He acknowledges that he was arrested pursuant to a warrant, but claims that the warrant was not supported by probable cause. Probable cause is an "absolute defense to . . . false arrest, false imprisonment and § 1983 claims." *Wildoner v. Borough of Ramsey*, 162 N.J. 375, 744 A.2d 1146 (2000). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995).

In this case, Plaintiff fails to establish the violation of a constitutional right because the undisputed facts show that law enforcement had probable cause to arrest him. First, the investigators received a detailed statement about the alleged crime from a witness who knew Plaintiff personally and could reliably identify him. *See Merkle v. Upper Dublin School District*, 211 F.3d 782, 790 (3d Cir. 2000) (a credible report from a person who witnessed a crime is sufficient to establish probable cause); *Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997) (probable cause exists where witness to an alleged crime makes a reliable identification). Second, the investigators independently verified with the Hudson County Prosecutor's Office that Santos was a fact witness for the State in an active investigation against Plaintiff. Third, the police were entitled to rely on the probable cause determination of the Honorable Nelsa Rodriguez, the neutral magistrate who issued the arrest warrant. *See United States v. Leon*, 468 U.S. 897, 923 (1984). Thus, consistent with this Court's prior opinion, the Court finds that there was probable cause to arrest Plaintiff.

Plaintiff's arguments to the contrary are unpersuasive. Plaintiff asserts that the investigators should have taken numerous steps before requesting a search warrant, including asking Santos to describe Plaintiff's clothing, running a motor vehicle check on the vehicle described by Santos, and interviewing Plaintiff. However, the question here is not whether the detectives conducted a thorough investigation. The question is whether their investigation was sufficient to establish probable cause. The Court finds that it was. Plaintiff also argues that there was no probable cause to arrest him because the detectives failed to speak to Michael Conte, the reporter in the car, before requesting an arrest warrant. The Court disagrees. It is true that Conte had exculpatory information about Plaintiff. However, it is undisputed that the police reached out to Conte as part of their investigation and that it was Conte who refused to speak with the police, not the other way around. It is also undisputed that Conte eventually came forward only *after* Plaintiff was arrested and incarcerated. Because Plaintiff does not point to any exculpatory information in the possession of the police prior to their seeking the arrest warrant, Plaintiff has failed to establish the violation of a constitutional right.

Accordingly, Defendants Broady, Felix and Webb are entitled to qualified immunity, and their motion for summary judgment is **GRANTED**.

### B. Defendant Jersey City Police Department

Courts "treat [a] municipality and its police department as a single entity for purposes of section 1983 liability." *See Bonenberger v. Plymouth Township*, 132 F.3d 20, 25 n.4 (3d Cir. 1997). Thus, the Court will construe Plaintiff's claim as a claim against Jersey City, rather than a claim against the Police Department. As explained in the previous section, Plaintiff cannot prove that Jersey City violated a constitutional right, because the undisputed facts show that law enforcement had probable cause to arrest Plaintiff. Accordingly, Jersey City's motion for summary judgment is **GRANTED**.

### IV. CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is **GRANTED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 14, 2012**