## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

**ADEL MIKHAEIL,**

**Plaintiff,**

v.

**ANGEL SANTOS,**

**Defendant.**

---

Civ. No. 2:10-cv-03876 (WJM)

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court on Defendant Angel Santos's application to proceed in forma pauperis and application for appointment of pro bono counsel under 28 U.S.C. § 1915.  For the reasons stated below, the Court will grant the application to proceed in forma pauperis but deny the application for pro bono counsel.

Plaintiff Adel Mikhaeil brings this 42 U.S.C. § 1983 action against Mr. Santos. Plaintiff alleges that Mr. Santos provided police and prosecutors with false information, which led to Plaintiff's arrest and prosecution.  On March 5, 2014, Mr. Santos filed both the application to proceed in forma pauperis and the application for pro bono counsel with this Court.

Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  This provision covers both plaintiffs and defendants.  *See Waller v. Butkovich*, 584 F. Supp. 909, 947-48 (D.N.C. 1984).  District courts have "broad discretion" to decide whether requesting counsel is appropriate, and may request counsel *sua sponte* at any point in the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).  In *Tabron*, the Third Circuit instructed that, in exercising its discretion to appoint counsel, district courts must first assess whether a given case or defense has merit, and then weigh specific factors, including (1) the litigant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue that investigation; (4) the litigant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.  *Tabron*, 6 F.3d. at 155-57.  The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful.  *Montgomery*, 294 F.3d at 499.

1

In this case, the Court finds that Mr. Santos's application for pro bono counsel is premature.  <u>First</u>, it does not appear that Mr. Santos has made any attempt to obtain pro bono counsel on his own. (The Court notes that Mr. Santos's inability to pay for counsel does not necessarily prevent him from obtaining counsel; many lawyers provide pro bono services without be ordered to do so by a court.)  <u>Second</u>, it appears that the remaining issues in this case will not require any factual investigation or testimony from expert witnesses.  <u>Finally</u>, while Mr. Santos may be unversed in legal practice, the Court is familiar with these types of actions, and the straightforward nature of the claims in this case would not appear to require that Mr. Santos be guided by counsel.  Therefore, mindful of the practical restraints on the Court's ability to appoint counsel, this Court finds that it is inappropriate to appoint counsel at this time.

For the foregoing reasons and for good cause shown;

**IT IS** on this 10th day of March 2014, hereby,

**ORDERED** that Mr. Santos's application to proceed in forma pauperis is **GRANTED**; and it is further

**ORDERED** that Mr. Santos's application for pro bono counsel is **DENIED.**  Mr. Santos may renew his application for pro bono counsel if future proceedings increase his need for legal assistance, but he must first attempt to obtain counsel on his own or provides adequate explanation for his inability to make such an attempt.  The Court may also *sua sponte* renew Mr. Santos's application in the future at any time it deems appropriate.


_____ /s/ William J. Martini _____
**WILLIAM J. MARTINI, U.S.D.J.**