UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ADEL MIKHAEIL,**<br><br>      **Plaintiff,**<br><br>   v.<br><br>**ANGEL SANTOS,**<br><br>      **Defendant.** | Civ. No. 2:10-cv-3876 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Adel Mikhaeil brings this action against Defendant Angel Santos, alleging violations of 42 U.S.C. § 1983.  On February 19, 2014, the Court entered an order requesting briefing on whether Defendant Angel Santos can be sued as a private actor under Section 1983.  The Court now acts *sua sponte* to determine whether the Complaint states a claim under Federal Rule of Civil Procedure 12(b)(6).  There was no oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, the Court dismisses all claims against Defendant.

**I.   BACKGROUND**

      Plaintiff Adel Mikhaeil employed Defendant Angel Santos as a bounty hunter.  Pl.'s Br. 1, ECF No. 108.  Defendant was terminated from his employment after being charged with second-degree burglary while on the job.  *Id.*  Defendant then became an informant for the Hudson County Prosecutor's Office against Plaintiff in an unrelated case.  *Id.*

      On August 7, 2008, Defendant filed a report with the Jersey City Police Department stating that Plaintiff was outside Defendant's house threatening him that "he was a dead rat."  Compl. ¶ 21.  Plaintiff alleges that he was not outside of Defendant's house that day.  *Id.*  Plaintiff was subsequently incarcerated for making terroristic threats and witness tampering.  Compl. ¶ 25.

      Plaintiff asserts a claim under Section 1983 against Defendant.  Specifically, the Complaint alleges that Defendant was part of a broad conspiracy against Plaintiff, which

1

involved the false criminal complaint and led to Plaintiff's false arrest. Compl. ¶¶ 20-21, 44-45.

The Complaint originally included several other defendants, including Jersey City Police Department, individual police officers, Hudson County Prosecutor's Office, individual prosecutors, State of New Jersey, New Jersey State Police, Jersey Journal, and individual reporters. All defendants besides Defendant Santos have been dismissed. On February 19, 2014, the Court, acting *sua sponte*, requested briefing as to whether Defendant Santos can be sued as a private actor under Section 1983.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a Complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a Complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

While *sua sponte* dismissal is not a standard practice, it "is not error . . . provided that the complaint affords a sufficient basis for the court's actions." *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980)) (citations omitted).

## III. DISCUSSION

Plaintiff argues that Defendant was so intertwined with police and government officials that he was acting "under color of law" and can be sued under Section 1983. Plaintiff bases his argument on the fact that Santos was a police informant for several years in an unrelated matter. Plaintiff maintains that this relationship should have made

government actors aware of Defendant's bias against Plaintiff. Compl. ¶¶ 26, 34, 38. Therefore, the government actors should have known that Defendant's accusations were false and in furtherance of a conspiracy against Plaintiff. Compl. ¶ 45. The Court disagrees.

>Under Section 1983, a cause of action exists against:

>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws . . . .

Private persons who are jointly engaged with state officials in a prohibited action are acting "under color of law" for purposes of Section 1983. *United States v. Price*, 383 U.S. 787, 794 (1966). However, there must be a sufficiently close nexus between the state and the challenged action of the private actor so that the action of the latter may be fairly treated as that of the state itself. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

>Just because a private person is a police informant does not mean that he is acting "under color of law." *See Lloyd v. Card*, 283 Fed. App'x 696, 700 (11th Cir. 2008) (affirming district court's ruling that informant's providing of a statement used to obtain search warrant for defendant's home did not constitute conspiracy with state prosecutors and state law enforcement officers); *Hiser v. City of Bowling Green*, 42 F.3d 382, 384 (6th Cir. 1994) (holding that when an informant acts on his own, outside of his duties as an informant, he is not acting under color of law). Rather, a police informant is acting "under color of law" if he acts in an investigatory capacity under the direction or supervision of governmental authorities and there is a nexus between the informant's activities and the activities of the authorities themselves. *See Dinicola v. DiPaolo*, 945 F. Supp. 848, 857 (W.D. Pa. 1996).

>In his Brief, Plaintiff contends that "[Mr. Santos' position as a police informant] is the nexus between Angel Santos and government that makes him a proper party under [Section 1983]." Pl.'s Br. 4. And the Complaint seems to allege that Defendant has been working with the police on a *separate* case as an informant. Compl. ¶¶ 26, 34, 38, 45. However, to be held liable under Section 1983, the private person must be *jointly involved* with a state actor in the prohibited action. *Price*, 383 U.S. at 794 (emphasis added). Plaintiff fails to allege that the police, detectives, or any state actor were directing or supervising Angel Santos when he filed the criminal complaint against Plaintiff on August 7, 2008, which is the prohibited action at issue. Defendant may have lied in order to file the criminal complaint, but Plaintiff does not allege any facts showing that the state actors aided or participated in that lie. Further, Plaintiff alleges nothing showing that the police and government officials knew that the criminal complaint was

3

false or supporting the allegation that the police officers used the false complaint in furtherance of a conspiracy against Plaintiff.

Finally, the Court acknowledges receipt of a letter from Plaintiff regarding a pending discovery motion. That motion is not pending. *See* Order, November 22, 2011, ECF No. 66. Further, Plaintiff's response to the Court's *sua sponte* order does not mention any need for additional discovery, so the Court has not considered that letter as having any bearing on the instant inquiry.

Because Plaintiff has alleged no facts showing that Defendant was jointly involved with a state actor when filing the allegedly false police report, Plaintiff has not stated a Section 1983 claim against him. And because Plaintiff has provided no facts or arguments demonstrating such joint involvement in his response to the Court's *sua sponte* order, the Court finds that amendment would be futile. Accordingly, all claims against Defendant will be dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated above, the Court **DIMISSES** all claims against Defendant **WITH PREJUDICE**. An appropriate order follows.

        /s/ William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 1, 2014**